UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. VERA,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. FRACCIANI,<br><br>    Defendant. | Case No. 22-cv-01484 EJD (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the "head doctor" at the Santa Cruz Main Jail ("Jail"). Dkt. No. 1. The Court dismissed this action for Plaintiff's failure to file In Forma Pauperis Application in the time provided and entered judgment. Dkt. Nos. 3, 4. The Court later reopened the action in the interest of justice after receiving Plaintiff's IFP application, which was dated before the deadline. Dkt. No. 6. Plaintiff's IFP motion will be addressed in a separate order. Dkt. No. 5.

**DISCUSSION**

**A.**   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that he is a heroin addict who participated in the Jail's "MAT Program" in early June 2021.  Dkt. No. 1 at 3.  Under the program, Plaintiff was prescribed suboxone to ease his addiction.  Id.   However, after testing positive for methamphetamine during a routine urine test, Plaintiff was removed from the program and his prescription for suboxone was discontinued.  Id. at 3-4.  He has repeatedly reapplied for the MAT program and been denied.  Id. at 4.  Plaintiff claims that he has witnessed other inmates comes into custody and be "put on MAT" and inmates with drug possession cases get treatment.  Id.  Plaintiff has been diagnosed with substance use disorder and is in a "state of constant suffering," but Defendant continues to refuse to prescribe him suboxone "without sight[ing] one medical reason I cannot be prescribed the medication."  Id.  Plaintiff wants to be prescribed the medication that he needs and to be treated "fairly, equally with compassion and clinical detachment."  Id. at 3.

Liberally construed, Plaintiff's allegations are sufficient to state a claim for deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (convicted prisoner's right derives from the Eighth Amendment); Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (pretrial detainee's right derives from the Fourteenth Amendment's due process clause).  Plaintiff's allegations are also sufficient to state an equal protection claim for the dissimilar treatment he received as compared to other addicts at the prison.  See Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013).

**CONCLUSION**

For the reasons set forth above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, Dkt. No. 1, all attachments thereto, and a copy of this order upon **Defendant Dr. Fracciani** at the Santa Cruz Main Jail (259 Water Street, Santa Cruz, CA 95060). The Clerk shall also mail a copy of this order to Plaintiff.

2. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

3

the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

    8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**   May 1, 2023

EDWARD J. DAVILA
United States District Judge